## MORG LONG *v.* C. H. SPILLMAN.

**Jurisdiction—Real Estate—Title Bond—Description—Judgment.**
When the title to real estate is involved in an action, the circuit court has jurisdiction, and there is a right of appeal from its judgment even though there is only $13.10 involved.

**Title Bond.**
> Where a person has been in possession of and paid the taxes upon real estate for nineteen years, and has not received a conveyance because she feared her creditors, and to protect her against them her vendor failed to make conveyance, her real estate is subject to the demand of creditors.

**Description—Judgment.**
> A judgment ordering the sale of real estate will be reversed where the real estate is not described except as "the house and lot in the pleading mentioned." Such a judgment is also erroneous when it fails to direct the manner in which the sale shall be advertised.

### APPEAL FROM MERCER CIRCUIT COURT.

October 12, 1874.

OPINION OF JUDGE LINDSAY:

The parties interested and the attorneys engaged in this case, have exhibited equal energy, and perseverance worthy of a more important cause.

The title to the house and lot occupied by Lucinda Long, and claimed by the appellant, is directly called in question, and therefore the circuit court had jurisdiction, although the claim asserted amounts to only $13.10. For the same reason an appeal lies to this court. Sections 15 and 16, Civil Code of Practice; *Smith v. Moberly & Wife,* 15 B. Mon. 70.

It seems that the lot was purchased in 1851, and that the debtor, Lucinda Long, at once entered upon the possession, and that she openly held, used and controlled it up to the time of the institution of this action in October, 1870. It further appears that during all this time she paid taxes on it, appellant paid no taxes and exercised no supervision or control over the lot, so far as is shown by the record, except on one occasion, when Lucinda abandoned the possession for a short time on account of a general misunderstanding with her.

Appellant's only evidence of title is the title bond of Passmore, which she holds; but the fact that she does hold said bond is explained by her statements to Passmore, that she did not desire the title conveyed, because Lucinda was in debt, and she feared that her creditors would turn her out of doors.

Considering these explanations and the nineteen years of possession by the debtor, Lucinda, the court did not err in adjudging that appellant held the bond for title in fraudulent trust for her, and that

the house and lot was liable to be subjected to the payment of appellee's debt.

The judgment is erroneous, however, in two particulars. It fails to describe the realty adjudged to be sold, except by designating it "The house and lot in the pleading mentioned." This leaves the commissioner to determine judicially what house and lot is mentioned in the elaborate and by no means concise statements of fact, which the parties deemed it necessary to make in order to present their cause of action and the defenses relied on.

Further than this, the judgment fails to direct the manner in which the sale of the house and lot shall be advertised. It provides that it "must be advertised according to law." The law does not fix the manner of advertising lands sold under the judgment of the chancellor. This matter is left entirely to his discretion, and unless this judgment directs the commissioner how he shall advertise, it is necessarily erroneous.

The motion to dismiss the appeal is overruled, and the judgment *reversed* and the cause remanded for the correction of the errors herein pointed out. Inasmuch as appellant's judgment for costs in this court will greatly exceed appellant's claim, she should be allowed, in case she asks leave to do so, to have said judgment, or so much thereof as may be necessary, set off against said claim, and the necessity for the sale of the realty, thereby avoided; but appellee will be entitled to his costs in the court below.

*Jas. D. Hardin, C. A. & P. W. Hardin, for appellant.*
*Spillman & Spillman, for appellee.*